This is an appeal from certain orders entered in the orphans court of Bergen county. The appellant, Johanna Schmitt Schimmel, and S. William Friedman were appointed co-executors of the will of Rose M. Roeben, deceased. Application was made to the orphans court for the removal of Mrs. Schimmel on the ground that she had been guilty of certain acts to the detriment of the estate and after a hearing before the orphans court, she was removed as co-executrix and letters of administration with the will annexed were granted to the Bergenfield National Bank and Trust Company. After the entry of the order removing Mrs. Schimmel, application was made to the court for a new trial on the ground of newly discovered evidence and an order was entered providing therefor. When the matter came on for the new trial, the proctor for Mrs. Schimmel outlined to the court what he proposed to prove and by what witnesses and thereupon the court vacated the order granting a new trial and refused to allow testimony to be taken. The application for the removal of Mrs. Schimmel was based on charges of bad faith in the administration *Page 314 
of the estate. She was accused of having attempted to make a secret profit in connection with the purchase of a monument on the burial plot of decedent; of having occupied part of the real estate in New York, which was in the estate, without paying rent; of having connived with certain tenants of the real estate in the collection of smaller rents than those that the premises were worth and that at a less rate than that provided in leases thereon; and of having attempted to conceal from certain beneficiaries of the will, living in Germany, the fact of their inheritance, so as to increase her own inheritance.
There was some evidence adduced before the orphans court tending to sustain all these charges, all of which, except the fact of non-payment of rent by herself, were denied by her. There was sufficient evidence to sustain the accusations and justify her removal, and this court will not reverse the findings of the court below, before which the witnesses personally appeared and as to whose credibility that court was in the best position to judge.
As to the issuance of letters testamentary to the trust company on the removal of Mrs. Schimmel, this was apparently done inadvertently, since by statute (section 151 of the Orphans Court act), when there are two executors and one of them is removed, the co-executor takes full charge of the estate. That this appointment of the trust company is erroneous is conceded on this appeal.
As to the granting of a new trial and a subsequent refusal of the court below to proceed with the new trial, this action was fully justified. The statement of counsel for Mrs. Schimmel clearly shows that the evidence proposed to be presented at the new trial was not newly discovered evidence but that on the new trial, purely cumulative evidence was to be presented together with the presentation of evidence such as checks and the production of witnesses, which were fully available at the first hearing.
There remains one further question, namely as to whether the court below was justified in excluding from evidence a certain letter written in German from one of the beneficiaries *Page 315 
named in the will. It is claimed that this letter was self-proving as being a response to a letter addressed to the person who wrote the letter offered in evidence. This letter was evidently offered in disproof of the allegation that Mrs. Schimmel was proposing to keep the German heirs in ignorance and thereby increase her own inheritance. It does not necessarily meet the charge, since it was not shown that she notified all the heirs; and in addition, it appears that the particular letter from Germany was not in reply to a letter from herself, but to a letter from her husband. The letter would therefore have little, if any, probative force and its exclusion is not a ground for reversing the order removing her, there being ample grounds otherwise for the finding by the orphans court of her misconduct.
A decree will be advised in accordance with this opinion.